**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 44250**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | Boise, December 2016 Term |
| Plaintiff-Respondent, | ) | |
| | ) | 2017 Opinion No. 3 |
| v. | ) | |
| | ) | Filed: January 23, 2017 |
| THOMAS JOHN KRALOVEC, | ) | |
| | ) | Stephen Kenyon, Clerk |
| Defendant-Appellant. | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Jason D. Scott, District Judge. Hon. Renae Hoff, Senior District Judge.

The judgment of conviction is <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP, Boise, for appellant. Dennis Benjamin argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

HORTON, Justice.

Thomas Kralovec appeals from his judgment of conviction for one count of battery on a correctional officer. I.C. §§ 18-915(2) and 18-903. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 6, 2014, Kralovec was arrested by Boise City Officer Tad Miller for public intoxication and resisting and obstructing arrest. While he was being transported to jail, Kralovec was antagonistic. He cursed, insulted, and threatened Officer Miller. Upon arrival at the jail, Kralovec was met by Deputies Gary Ambrosek, Ralph Thompson, Luis Torres, and Richard Michaelson and taken to a holding cell.

Kralovec remained combative and non-compliant during the intake process. The four deputies took turns restraining Kralovec to search him and remove his handcuffs so that he could be left alone in the cell. The deputies placed Kralovec on a concrete bench in the cell in a prone position with his legs in a "figure four leg trap" with his face to the wall. At some point during

1

the search, Kralovec's right leg came free and kicked out, knocking a microphone loose from the clip on Deputy Ambrosek's shirt and allegedly striking Deputy Michaelson in the shoulder. The incident was recorded by a camera in the holding cell. It is undisputed that Deputy Michaelson's shoulder was injured at some point during the incident; however, the parties disagree as to the cause of the injury.

On April 30, 2014, the State filed an information charging Kralovec with one count of battery on a peace officer under Idaho Code sections 18-915(3) and 18-903(a) for striking Deputy Michaelson. On October 3, 2014, the State filed an amended information charging Kralovec with battery on a correctional officer in violation of Idaho Code sections 18-915(2) and 18-903.

On July 2, 2014, the State filed notice of its intent to introduce audio evidence of Kralovec's arrest and transport to jail to show Kralovec's knowledge and intent pursuant to Idaho Rule of Evidence 404(b). Kralovec objected, arguing that the evidence was either not relevant, or its probative value was substantially outweighed by its prejudicial effect. The district court concluded that the evidence was *res gestae* evidence temporally connected with the alleged battery and had a tendency to explain Kralovec's alleged misbehavior during the booking process. The district court further concluded that the evidence was admissible under Idaho Rule of Evidence 404(b) as it was relevant to Kralovec's intent.

Kralovec's jury trial took place on October 6–8, 2014. Prior to the trial, Judge Jason Scott had presided over the proceedings; however, Senior Judge Renae Hoff presided over the trial. During the trial, the State presented testimony from Officer Miller and Deputies Michaelson, Torres, Thompson, and Ambrosek, photographic and video evidence taken from the holding cell, and an audio recording from Kralovec's transport to the jail. The jury found Kralovec guilty of battery on Deputy Michaelson.

Following the jury trial, a hearing was held on October 24, 2014, before Judge Scott. The record does not contain a transcript of the hearing, but the court minutes show that Kralovec requested "for Judge Hoff to do sentencing or in alternative this Court listen to the audio of the [jury trial]." The State responded that "[a]ll info this Court needs will be in PSI, [Defendant] can argue at sentencing any evidence." The district court denied the motion to have Judge Hoff handle the sentencing hearing; however, the court indicated that Kralovec was free to file a

written motion if he wanted. The court minutes are silent as to the disposition of Kralovec's request for Judge Scott to listen to the audio recordings of the jury trial.

Sentencing was held on November 14, 2014. Prior to receiving arguments from the parties, Judge Scott inquired if either party wished to submit any further evidence regarding sentencing. Neither party submitted additional evidence. The district court imposed a suspended five-year sentence, with one year fixed, and placed Kralovec on probation for five years. After the sentence was pronounced, Kralovec's counsel inquired as to the materials Judge Scott had reviewed prior to sentencing. Judge Scott explained:

> THE COURT: I have reviewed the entirety of the presentence investigation report, and there is an addendum to the presentence report dated November 13 of this year. I have reviewed those items.

> And I have my preexisting familiarity with the case from the matters that were brought in front of me and in the course of the rulings I made. I will acknowledge that I have not reviewed the trial transcript.

> [KRALOVEC'S COUNSEL]: Has Your Honor reviewed the video?

> THE COURT: I have not reviewed the video.

Kralovec timely appealed and the case was assigned to the Court of Appeals. The Court of Appeals affirmed Kralovec's judgment of conviction and sentence. This Court granted Kralovec's petition for review.

## II. STANDARD OF REVIEW

"When this Court hears a case on a petition for review from the Court of Appeals, it 'gives serious consideration to the Court of Appeals' views, but will review the trial court's decision directly,' and 'acts as if the appeal was directly from the trial court's decision.' " *State v. Hansen*, 156 Idaho 169, 173, 321 P.3d 719, 723 (2014) (quoting *State v. Carter*, 155 Idaho 170, 172, 307 P.3d 187, 189 (2013)). This Court "will uphold a judgment of conviction entered upon a jury verdict so long as there is substantial evidence upon which a rational trier of fact could conclude that the prosecution proved all essential elements of the crime beyond a reasonable doubt." *State v. Severson*, 147 Idaho 694, 712, 215 P.3d 414, 432 (2009) (citing *State v. Sheahan*, 139 Idaho 267, 285, 77 P.3d 956, 974 (2003)).

## III. ANALYSIS

On appeal, Kralovec contends: (1) the State failed to present constitutionally sufficient evidence upon which a reasonable trier of fact could have found that the State sustained its burden of proving the essential elements of the crime beyond a reasonable doubt; (2) the district

court abused its discretion when it admitted audio evidence of Kralovec's encounter with Officer Miller as *res gestae* and under Idaho Rule of Evidence 404(b); and (3) the sentencing judge abused his discretion by refusing to review the trial transcripts and exhibits prior to sentencing. We address these issues in turn.

**A. The State presented substantial evidence upon which a rational trier of fact could conclude that the prosecution proved all essential elements of the crime beyond a reasonable doubt.**

Kralovec argues his conviction must be vacated and a judgment of acquittal entered because the State failed to carry its burden of proof and failed to present sufficient evidence to establish that Kralovec kicked or even touched Deputy Michaelson. Kralovec argues that the video from the holding cell clearly shows that Kralovec did not kick Deputy Michaelson in direct contradiction of Deputy Michaelson's testimony. Therefore, the State did not present substantial evidence from which a reasonable trier of fact could have found that Kralovec committed battery beyond a reasonable doubt.

Kralovec also contends that the State failed to present any proof that Kralovec intentionally kicked Deputy Michaelson. Kralovec argues that because the deputies had Kralovec's legs in a trap, the State did not and could not present substantial evidence that any movement of Kralovec's legs out of the trap was willfully or intentionally directed toward Deputy Michaelson.

Kralovec's arguments are predicated on his interpretation of what the video evidence shows. Our review of the video evidence leads us to conclude that it is entirely unhelpful in determining whether or not Kralovec's foot struck Deputy Michaelson's shoulder during the incident. Certainly, the video shows some motion and struggling on Kralovec's part and movement of Deputy Michaelson's body; however, during the vast majority of the relevant portion of the video recording, Deputy Michaelson's body is situated between the camera and Kralovec. In short, we are unable to agree with Kralovec's contention that the video recording directly and conclusively refutes Deputy Michaelson's testimony.

Kralovec's contention that the State failed to present any proof that Kralovec intentionally kicked Deputy Michaelson is similarly unpersuasive. Idaho Code section 18-903(a) defines battery as any: "Willful and unlawful use of force or violence upon the person of another." I.C. § 18-903(a). Idaho Code section 18-101(1) provides: "The word 'willfully,' when applied to the intent with which an act is done or omitted, implies simply a purpose or

4

willingness to commit the act or make the omission referred to. It does not require any intent to violate law, or to injure another, or to acquire any advantage." I.C. § 18-101(1).

Here, the State presented more than just the video evidence. Deputy Michaelson testified that Kralovec kicked him in the shoulder. Further, the State presented corroborating testimony from Officer Miller, Deputies Torres, Thompson, and Ambrosek, as well as photographic and video evidence taken from the holding cell and audio evidence from Kralovec's transport to the jail. Kralovec makes no other attempt to explain or refute the testimony or evidence other than through his interpretation of the video. We conclude that Kralovec is merely asking this Court to substitute its own opinion on the credibility and weight of the evidence for that of the jury. We decline to do so.

> On appeal, where a defendant stands convicted, the evidence is viewed in the light most favorable to the prosecution and the reviewing court is precluded from substituting its judgment for that of the jury as to the credibility of witnesses, the weight of the evidence and the reasonable inferences to be drawn from the evidence.

*State v. Allen*, 129 Idaho 556, 558, 929 P.2d 118, 120 (1996) (quoting *State v. Gardiner*, 127 Idaho 156, 163, 898 P.2d 615, 622 (Ct. App. 1995)). We hold that the State presented substantial evidence upon which a rational trier of fact could conclude that the State proved all essential elements of the crime beyond a reasonable doubt.

**B. The district court did not abuse its discretion when it admitted the audio recording of Kralovec's transport to the jail as evidence of intent under Idaho Rule of Evidence 404(b).**

While we reach our decision based on the district court's Idaho Rule of Evidence 404(b) analysis, we first consider the issue of *res gestae*. The district court concluded that the audio evidence of Kralovec's transport to jail was *res gestae* evidence temporally connected with the alleged battery and had a tendency to explain Kralovec's alleged misbehavior during the booking process. The district court explained:

> *Res gestae* evidence is "other acts that occur during the commission of or in close temporal proximity to the charged offense which must be described to 'complete the story of the crime on trial by placing it in the context of nearby and nearly contemporaneous happenings.' " *State v. Blackstead*, 126 Idaho 14, 18, 878 P.2d 188, 192 (Ct. App. 1994) (quoting 1 Kenneth S. Broun et al., *McCormick on Evidence* § 190 at 799 (4th ed. 1992)). It is admissible, despite I.R.E. 404(b)'s general prohibition on "prior bad act" evidence, if "the charged act and the uncharged act are so inseparably connected that the jury cannot be given a rational and complete presentation of the alleged crime without reference to the

uncharged misconduct." *Id.* at 19, 878 P.2d at 193 (holding that the defendant's use of drugs and provision of drugs to his victim shortly before committing the alleged sex offense was admissible *res gestae* evidence).

The district court concluded that the recording was admissible as *res gestae* evidence. While the district court's reasoning is sound, we decline to perpetuate the use of the *res gestae* doctrine in Idaho.

> The term *res gestae* seems to have come into common usage in discussions of admissibility of statements accompanying material acts or situations in the early 1800s. At this time, the theory of hearsay was not well developed, and the various exceptions to the hearsay rule were not clearly defined. In this context, the phrase *res gestae* served as a convenient vehicle for escape from the hearsay rule in two primary situations. First, it was used to explain the admissibility of statements that were not hearsay at all. Second, it was used to justify the admissibility of . . . (1) statements of present sense impressions, (2) excited utterances, and (3) statements of present bodily condition, mental states, and emotions.

2 McCormick On Evid. § 268 (7th ed.) (footnotes omitted).[1] In 1979, the Board of Commissioners of the Idaho State Bar appointed the Idaho Evidence Committee (Committee) to review the Idaho law of evidence and rules of evidence from other jurisdictions and draft rules of evidence for Idaho. M. Clark, Report of the Idaho State Bar Evidence Committee, Preface, p. 1 (revised 1985). In the commentary to its recommendation for the adoption of Idaho Rule of Evidence 803, the Committee found that "Idaho does not have a statute or rule allowing admission of statements, otherwise hearsay, as present sense impressions. However, Idaho case law does recognize the doctrine of <u>res gestae</u> which serves to admit many of the statements." M. Clark, Report of the Idaho State Bar Evidence Committee, C 803, p. 2 (revised 1985). Similarly, the Committee determined that "Idaho has no statute or rule providing for the excited utterance exception. The exception has, however, been recognized and applied by the Idaho courts and is generally discussed in terms of <u>res gestae</u>." M. Clark, Report of the Idaho State Bar Evidence Committee, C 803, p. 3 (revised 1985).

The commentary to sections 803(1)–(3) shows that the Committee considered them to encompass the admissibility of evidence through various exceptions to the rule against hearsay

---

[1] One commentator provided a less charitable description of reliance on the doctrine: "The marvelous capacity of a Latin phrase to serve as a substitute for reasoning, and the confusion of thought inevitably accompanying the use of inaccurate terminology, are nowhere better illustrated than in the decisions dealing with the admissibility of evidence as '*res gestae.*' " 2 McCormick On Evid. § 268 (7th ed.) (quoting Edmund M. Morgan, *A Suggested Classification of Utterances Admissible as Res Gestae*, 31 Yale L.J. 229, 229 (1922)).

which were previously allowed under the loosely defined doctrine of *res gestae*. Based on this and the subsequent shift away from the doctrine in favor of the Rules of Evidence, we conclude that evidence previously considered admissible as *res gestae* is only admissible if it meets the criteria established by the Idaho Rules of Evidence.

The district court provided an alternative basis for its conclusion that the audio evidence was admissible, holding that it was admissible under Idaho Rule of Evidence 404(b) as evidence of Kralovec's intent. Kralovec argues the audio evidence did not indicate Kralovec intended to batter Deputy Michaelson, rather, the evidence simply showed that Kralovec was an obnoxious person. Kralovec further contends that the audio's "limited probative value is far outweighed by the danger of unfair prejudice." Kralovec argues that his frequent use of profanity and threats of violence against Officer Miller created prejudice against Kralovec and in favor of the law enforcement officers. Kralovec concludes that this "prejudice was so great that it rendered the audio inadmissible under IRE 403." We disagree.

> This Court reviews questions regarding the admissibility of evidence using a mixed standard of review. First, whether the evidence is relevant is a matter of law that is subject to free review. Second, we review the district court's determination of whether the probative value of the evidence outweighs its prejudicial effect for an abuse of discretion.

*State v. Ehrlick*, 158 Idaho 900, 907, 354 P.3d 462, 469 (2015) (internal citations omitted). "The district court has broad discretion in the admission and exclusion of evidence, and its decision to admit such evidence will be reversed only when there has been a clear abuse of that discretion." *State v. Perry*, 139 Idaho 520, 521, 81 P.3d 1230, 1231 (2003). "We determine whether the district court abused its discretion by examining: (1) whether the court correctly perceived the issue as one of discretion; (2) whether the court acted within the outer boundaries of its discretion and consistently within the applicable legal standards; and (3) whether the court reached its decision by an exercise of reason." *Ehrlick*, 158 Idaho at 907, 354 P.3d at 469.

Kralovec does not attempt to explain how the district court abused its discretion[2] by admitting the evidence under Idaho Rule of Evidence 404(b). We do not find this to be surprising, given the district court's reasoned analysis:

---

[2] We note that this Court has seen an increasing number of cases where a party completely fails to address the factors we consider when evaluating a claimed abuse of discretion. We emphasize that when a party "does not contend that the district court failed to perceive the issue as one of discretion, that the district court failed to act within the boundaries of this discretion and consistent with the legal standards applicable to the specific choices available to it or that the district court did not reach its decision by an exercise of reason," such a conclusory

Alternatively, it is admissible under I.R.E. 404(b) even if not *res gestae* evidence. "Prior bad act" evidence "is not admissible to prove the character of the person in order to show that the person acted in conformity therewith." I.R.E. 404(a). It may, however, be admissible for other purposes, such as to show the person's intent. I.R.E. 404(b). A person's prior bad act can be admitted into evidence if (i) the evidence shows it actually occurred, (ii) it is relevant to a material and disputed issue, other than the person's propensity to commit the charged crime, and (iii) it survives the I.R.E. 403 balancing test. *E.G., State v. Grist*, 147 Idaho 49, 52, 205 P.3d 1185, 1188 (2009). Item (i) is not at issue here; Kralovec does not deny the recording is of him interacting with Officer Miller.

Kralovec disputes that he intended to batter Deputy Michaelson. The State contends the recording is probative of his intent in that regard, given the threats he leveled against Officer Miller before arriving at the Ada County Jail. The State's argument, in essence, is that the threats leveled against Officer Miller are generalized threats against law-enforcement officers (rather than personalized threats against Officer Miller) and that they provide a window into Kralovec's state of mind at the time of the alleged battery against Deputy Michaelson, having shortly preceded it. The Court agrees that the recording is relevant to the issue of intent, given the threats against Officer Miller and given Kralovec's belligerent refusal to accept that public drunkenness is grounds for his arrest. Thus, item (ii) of the above test is satisfied.

Item (iii) also is satisfied. The recording is, again, probative of Kralovec's intent. Intent is a key issue in this case; the Court understands Kralovec will defend the case by contending he did not mean to kick Deputy Michaelson. His position in that regard is undermined by evidence showing that, shortly beforehand, he repeatedly threatened his arresting officer with physical violence and repeatedly and belligerently challenged the propriety of his arrest. That recording is undoubtedly prejudicial to Kralovec, given his loutish recorded behavior. But its probative value is not substantially outweighed by the danger of unfair prejudice. Accordingly, the recording survives the I.R.E. 403 balancing test.

The record demonstrates that the district court explicitly evaluated the probative value of the evidence and weighed it against the danger of unfair prejudice as required by Idaho Rule of Evidence 403. Kralovec has not demonstrated that the district court abused its discretion when it admitted the audio recording of Kralovec's conduct while being transported to the jail.

## C. The district court did not abuse its discretion by failing to review the trial transcript and exhibits prior to sentencing.

Kralovec argues the district court abused its discretion by refusing to review the trial transcripts and exhibits prior to sentencing. Kralovec supports his argument by directing us to

---

argument is "fatally deficient" to the party's case. *Cummings v. Stephens*, 160 Idaho 849, 855, 380 P.3d 168, 174 (2016). "We will not consider assignments of error not supported by argument and authority in the opening brief." *Id.*

*State v. Izagurre*, 145 Idaho 820, 186 P.3d 676 (Ct. App. 2008). In *Izagurre*, the district court was unwilling to consider articles from professional journals on brain development that were submitted in support of a Rule 35 motion. *Id.*at 824, 186 P.3d at 880. The Court of Appeals held the trial court abused its discretion when it unduly limited the information it considered. *Id*. Kralovec analogizes a district court's unwillingness to consider evidence presented in support of a Rule 35 motion to the district court sentencing Kralovec without reading the transcript of the jury trial. We do not find the analogy to be apt. In *Izagurre*, the district court erred by refusing to consider evidence offered by the defendant; here, the alleged error is based upon a failure to consider evidence that the defendant did *not* offer.

"We have stated that a 'sentencing judge is entitled to consider a wide range of relevant evidence when he evaluates what the appropriate sentence for each particular defendant he sentences must be.' " *State v. Dunlap*, 125 Idaho 530, 535, 873 P.2d 784, 789 (1993) (quoting *Sivak v. State*, 112 Idaho 197, 214, 731 P.2d 192, 209 (1986)). "Due process is violated when a sentence is based on materially false or unreliable information." *State v. Sivak*, 127 Idaho 387, 391, 901 P.2d 494, 498 (1995). This Court has held that certain conditions must be satisfied in order to insure the reliability and fairness of a sentencing or probation disposition:

> (1) that the defendant be afforded a full opportunity to present favorable evidence; (2) that the defendant be afforded a reasonable opportunity to examine all the materials contained in the pre-sentence investigation report; (3) that the defendant be afforded a full opportunity to explain and rebut adverse evidence.

*State v. Moore*, 93 Idaho 14, 17, 454 P.2d 51, 54 (1969).

We observe that Kralovec frames the issue as the district court's refusal to review the trial transcripts and exhibits prior to sentencing. The record does not support this claim. Following Kralovec's jury trial, a hearing was held before Judge Scott and the court minutes from that hearing show that Kralovec requested "for Judge Hoff to do sentencing or in alternative this Court listen to the audio of the [jury trial]." The minutes show Judge Scott denied the motion to have Judge Hoff handle the sentencing hearing; however, Judge Scott indicated that Kralovec was free to file a written motion if he wanted and the State argued all relevant evidence was either contained in the presentence investigation report or could be presented at sentencing. Kralovec did not file an additional motion. At the time of Kralovec's request, the trial transcript had not been prepared.[3] Thus, Kralovec was asking the district court to listen to

---

[3] The record reflects that the trial transcript was not signed by the court reporter until April 6, 2015.

9

three days of trial audio. This was an unreasonable request and it was not an abuse of discretion for the district court to deny it. The record does not show that Kralovec ever requested the district court to consider the exhibits admitted at trial.

The record demonstrates that Kralovec was given every opportunity to present any evidence that he wished for Judge Scott to consider in connection with his sentencing. In addition to the earlier invitation to file an appropriate motion, prior to hearing the parties' sentencing arguments, Judge Scott inquired if Kralovec wished to submit any further evidence. Kralovec offered none.

Although it is a far better practice for the judge that presided over a trial to sentence the defendant, it is not *per se* reversible error for a different judge to pronounce sentence. Based on the record before this Court, we conclude that Kralovec was (1) "afforded a full opportunity to present favorable evidence;" (2) "afforded a reasonable opportunity to examine all the materials contained in the pre-sentence investigation report;" and, (3) "afforded a full opportunity to explain and rebut adverse evidence." *Moore*, 93 Idaho at 17, 454 P.2d at 54. Here, Kralovec failed to take advantage of the opportunity to submit evidence to the district court that he now wishes the district court had considered prior to sentencing. This was not an error by the trial court.

## IV. CONCLUSION

We affirm Kralovec's judgment of conviction.

Chief Justice BURDICK, Justices EISMANN, W. JONES and Justice Pro Tem J. JONES, **CONCUR**.

10