**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45036**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: August 23, 2018 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JAMES MICHAEL BEYER, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. George D. Carey, District Judge.

Judgment of conviction for attempted strangulation, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Beyer appeals from his judgment of conviction for attempted strangulation. Beyer argues that the district court erred in allowing an officer to testify regarding a child witness's statement made the day of the incident and that the prosecutor committed misconduct amounting to fundamental error by telling the jury Beyer lied and by misstating Beyer's testimony in closing argument.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Beyer was charged with attempted strangulation. At trial, the victim and her two children, M.M. and A.O., testified consistently that Beyer grabbed the victim by the throat, threw her to the floor, pinned her there, and strangled her. Beyer testified that the victim "body checked" Beyer, causing him to place his hands on the victim's arm and collarbone and shove

1

her backwards. Beyer then testified the two fell over and he landed on top of the victim. As rebuttal, the State called the investigating officer to testify regarding statements made on the day of the incident. Beyer objected to the line of questioning regarding M.M.'s account as told by the officer. The district court overruled the objection based on Idaho Rule of Evidence 801(d)(1)(B), which allows testimony to rebut claims of recent fabrication. At the conclusion of the trial, Beyer was found guilty of attempted strangulation. Beyer timely appeals.

## II.

## ANALYSIS

### A.    Officer's Testimony

On appeal, Beyer first argues the district court abused its discretion by admitting the officer's testimony regarding what M.M. told the officer on the day of the incident because Beyer did not imply by his testimony that M.M. recently fabricated her account of the altercation, only that she provided a conflicting account.[1] The State argues the district court properly admitted the officer's testimony. Alternatively, the State argues that any error was harmless.

The trial court has broad discretion in determining the admissibility of testimonial evidence. *State v. Smith*, 117 Idaho 225, 232, 786 P.2d 1127, 1134 (1990). A decision to admit or deny such evidence will not be disturbed on appeal absent a clear showing of abuse of that discretion. *Id.* When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Hearsay is defined as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. I.R.E. 801(c); *State v. Gomez*, 126 Idaho 700, 704, 889 P.2d 729, 733 (Ct. App. 1994). Hearsay is inadmissible unless otherwise provided by an exception in the Idaho Rules of Evidence or other rules of the Idaho Supreme Court. I.R.E. 802. A statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is

---

[1]    Beyer contends that while the objection was specific to M.M.'s account, it included A.O. to the extent the trial objection included A.O.'s account. The arguments on appeal do as well.

consistent with declarant's testimony and is offered to rebut an express or implied charge against declarant of recent fabrication or improper influence or motive in so testifying. I.R.E. 801(d)(1)(B)(i). The State and Beyer agree there was no explicit charge of recent fabrication or improper influence or motive. Rather, the parties disagree as to whether there was an implicit charge.

At trial, following the children's testimony, the State called the investigating officer to the stand to testify. The State questioned the officer regarding M.M.'s account of the incident. Beyer objected, arguing that "[M.M.]'s already testified to what she's seen. Like every other case, we have factual discrepancies between witnesses." The State argued that "[the officer's testimony] goes to rebut any claim or [sic] fabrication given the testimony of [Beyer] that they may be fabricating their story now." The district court ruled that Beyer's testimony "could be construed as an attempt to raise a claim of recent fabrication," and therefore the officer's testimony was admissible for the limited purpose to rebut that claim.

Though Beyer does not specifically assert which factor of the abuse of discretion standard the district court erred on, it is clear that he is arguing that the district court did not act consistently with applicable legal standards. *See State v. Kralovec*, 161 Idaho 569, 575 n.2, 388 P.3d 583, 589 n.2 (2017). Essentially Beyer argues there was no claim of recent fabrication and even if there was, it would have been in respect to the children's version of what happened after the physical altercation.

Whether a claim of recent fabrication is implied during trial depends on what the jury may have been led to believe, not whether defense counsel actually meant to make such an implication. *United States v. Baron*, 602 F.2d 1248, 1253 (7th Cir. 1979), *cert. denied*, 444 U.S. 967 (1979) (concluding the fact that defense counsel may not have intended to imply that a witness's story was recently fabricated is "irrelevant if that inference fairly arises from the line of questioning pursued").

M.M. testified in direct examination that she was in the upstairs in her mother's bedroom during part of the argument between her mother and Beyer. M.M. left the room to get her brother's phone. She then sat on the stairs for a moment before returning upstairs where she saw Beyer throw her mother to the ground in the hallway and begin to strangle the mother. In contrast, Beyer testified that M.M. left the room prior to the incident, did not leave to get the

phone, and was not in the hall at the time of the physical altercation, but rather was out of "eye shot."

Beyer is correct that conflicting stories exist in most cases. However, the question before us is whether the jury could infer that the defense was implying that the witness's story was fabricated. Beyer's version of events was significantly different from that told by M.M. Based on the record, the implication of recent fabrication could be inferred from Beyer's testimony which placed M.M. out of "eye shot" at the time of the altercation. When making its ruling, the district court heard argument from each side, correctly perceiving its decision as discretionary. It determined the correct legal standard and was within the outer bounds of such discretion. Further, it reached its decision based on reason. Accordingly, the district court did not abuse its discretion in determining that Beyer's testimony "could be construed as an attempt to raise a claim of recent fabrication."

## B.     Harmless Error

Even assuming that the district court erred in admitting the expert testimony, any error was harmless in light of the other evidence presented. Error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983). With limited exceptions, even constitutional error is not necessarily prejudicial error. *Id.* Thus, we examine whether the alleged error complained of in the present case was harmless. *See State v. Lopez*, 141 Idaho 575, 578, 114 P.3d 133, 136 (Ct. App. 2005). Where a defendant meets his or her initial burden of showing that an objected-to error has occurred, the State has the burden of demonstrating beyond a reasonable doubt that the violation did not contribute to the jury's verdict. *State v. Perry*, 150 Idaho 209, 222-23, 245 P.3d 961, 979-80 (2010).

Here, the officer's disputed testimony provided collaboration of M.M.'s account as well as inconsistencies in Beyer's story. However, even without the officer's disputed testimony, the State presented substantial evidence that was, alone, sufficient to establish Beyer's guilt for attempted strangulation. M.M. testified on direct examination that she saw Beyer throw her mother to the ground and begin to strangle her. A.O. also testified on direct that he witnessed Beyer strangle his mother. The victim likewise testified that she was strangled by Beyer. The undisputed portion of the officer's testimony supported a conclusion that the victim was strangled. In light of this substantial other evidence, the admission of the officer's testimony did

4

not substantively contribute to the jury's verdict, and any error in admitting the testimony was harmless beyond a reasonable doubt.

## C. Prosecutorial Misconduct

Beyer next argues the prosecutor committed misconduct amounting to fundamental error by telling the jury Beyer had lied and by misstating Beyer's testimony. Beyer takes issue with statements made during closing argument in which the prosecutor told the jury that Beyer made up his story after listening to the other witnesses' testimony. Beyer further argues this misconduct was compounded by the prosecutor's misstatement of Beyer's testimony regarding the differences between what Beyer testified to and what he told the officer immediately following the incident. While our system of criminal justice is adversarial in nature, and the prosecutor is expected to be diligent and leave no stone unturned, the prosecutor is nevertheless expected and required to be fair. *State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007). However, in reviewing allegations of prosecutorial misconduct, we must keep in mind the realities of trial. *Id.* A fair trial is not necessarily a perfect trial. *Id.*

Beyer made no contemporaneous objection to the prosecutor's closing argument at trial. In *Perry*, the Idaho Supreme Court clarified the fundamental error doctrine as it applies to allegations of prosecutorial misconduct. If the alleged misconduct was not followed by a contemporaneous objection, an appellate court should reverse when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Id.* at 226, 245 P.3d at 978.

"Whether comments during closing arguments rise to the level of fundamental error is a question that must be analyzed in the context of the trial as a whole." *State v. Carson*, 151 Idaho 713, 718, 264 P.3d 54, 59 (2011). "Prosecutorial misconduct during closing arguments will constitute fundamental error only if the comments were so egregious or inflammatory that any consequent prejudice could not have been remedied by a ruling from the trial court informing the jury that the comments should be disregarded." *State v. Parker*, 157 Idaho 132, 146, 334 P.3d 806, 820 (2014). "The relevant question is whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v.*

*Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

"The general rule is that 'both parties are given wide latitude in making their arguments to the jury and discussing the evidence and inferences to be made therefrom.'" *State v. Dunlap*, 155 Idaho 345, 368, 313 P.3d 1, 24 (2013) (quoting *State v. Severson*, 147 Idaho 694, 720, 215 P.3d 414, 440 (2009)). Accordingly, in closing argument "both sides 'are entitled to discuss fully, from their respective standpoints, the evidence and the inferences' that should be drawn from it." *Id.* at 369, 313 P.3d at 25 (quoting *State v. Sheahan*, 139 Idaho 267, 280, 77 P.3d 956, 969 (2003)). "[I]n a closing argument, the parties are entitled to explain how, from their own perspectives, 'the evidence confirms or calls into doubt the credibility of particular witnesses.'" *Id.* "However, the prosecutor may not 'express a personal belief as to the credibility of witnesses, unless the comment is based solely on inferences from evidence presented at trial.'" *Id.*

In the context of this case, the prosecutor's comments were based on inferences from evidence presented at trial. *Dunlap*, 155 Idaho at 369, 313 P.3d at 25. The remarks explained how the evidence illustrated that Beyer gave conflicting stories during the investigation and later at trial. *See Portuondo v. Agard*, 529 U.S. 61, 69 (2000) (prosecutor's comments concerning defendant's credibility as a witness was in accord with longstanding rule that when a defendant takes the stand, his credibility may be impeached and his testimony challenged like that of any other witness). Because the prosecutor supported his assertions with evidence presented during the trial in this instance, the statements did not constitute misconduct much less fundamental error. *Dunlap*, 155 Idaho at 369, 313 P.3d at 25. Thus, the prosecutor's comments during closing argument did not "'so infect[] the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden*, 477 U.S. at 181 (quoting *Donnelly*, 416 U.S. at 643).

## III.

## CONCLUSION

The record reflects that the jury could have inferred that defense counsel made an implied charge of recent fabrication regarding M.M.'s testimony. Therefore, the district court did not abuse its discretion in admitting the officer's account of M.M.'s retelling of the incident to rebut the implied charge. Moreover, any alleged error in admitting the officer's testimony was

6

harmless.  The record also reflects that the statements made during the State's closing argument did not amount to fundamental error.  Accordingly, Beyer's judgment of conviction for attempted strangulation is affirmed.

Chief Judge GRATTON and Judge HUSKEY **CONCUR**.