**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45713**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: February 14, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STACIE MICHELLE HARDIN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Peter G. Barton, District Judge.

Judgment of conviction for misdemeanor possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Stacie Michelle Hardin appeals from her judgment of conviction for misdemeanor possession of a controlled substance. Hardin argues that the district court abused its discretion by ordering her to pay $1000 in public defender reimbursement. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Hardin was charged with felony possession of a controlled substance (methamphetamine), misdemeanor possession of a controlled substance (marijuana), and possession of drug paraphernalia. At trial, a jury found Hardin guilty of misdemeanor possession of marijuana and acquitted her of felony possession of methamphetamine and possession of drug

1

paraphernalia. At sentencing, the State requested that the district court place Hardin on supervised misdemeanor probation and asked that the district court order $500 in reimbursement for her public defender, in addition to fines and court costs. Hardin requested that the district court grant her credit for the five months she spent in jail while awaiting trial, without placing her on probation. Hardin also objected to any reimbursement for the costs of her public defender. The district court sentenced Hardin to 45 days in jail, with credit for 161 days she served while awaiting trial. The district court also ordered that Hardin pay $1000 in reimbursement for the cost of a public defender. Hardin appeals, challenging the order for public defender reimbursement.

## II.

## STANDARD OF REVIEW

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Hardin argues that the district court abused its discretion in ordering her to pay $1000 in public defender reimbursement for three reasons: (1) Hardin demonstrated an inability to pay; (2) Hardin spent more time in jail pre-trial than the district court ultimately ordered her to serve after she was convicted; and (3) the State only requested $500 in public defender reimbursement. The State responds that Hardin has failed to establish the district court abused its discretion because Hardin's challenges to the district court's order are either contrary to the statute or irrelevant. We hold that Hardin has failed to show the district court abused its discretion.

A court's authority to order reimbursement for the cost of a court-appointed attorney is governed by I.C. § 19-854(7), which provides:

> Upon conviction, notwithstanding the form of judgment or withheld judgment, plea of guilty or finding of guilt for any crime regardless of the original crime or number of counts, an indigent person who receives the

2

services of an attorney provided by the county may be required by the court to reimburse the county for all or a portion of the cost of those services related to the conviction, plea of guilty or finding of guilt, unless the requirement would impose a manifest hardship on the indigent person. The current inability of the indigent person to pay the reimbursement shall not, in and of itself, restrict the court from ordering reimbursement.

Although Hardin notes that her application for the public defender included an averment that she was unemployed and had no source of income, her contention that the district court failed to consider her inability to pay is unsupported by any citation to the record. This Court will not presume error on appeal. Rather, it is the appellant's burden to demonstrate error from the record. When a claim on appeal is not supported by propositions of law, authority, or argument, it will not be considered. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Hardin has also failed to cite any authority in support of her argument that the time she spent in jail and the amount of the State's reimbursement request are relevant to the district court's decision whether to order public defender reimbursement under I.C. § 19-854(7). Moreover, Hardin has not identified which prong of the abuse of discretion standard applies to the alleged error by the district court. *See State v. Kralovec*, 161 Idaho 569, 575 n.2, 388 P.3d 583, 589 n.2 (2017) (noting that the failure to address the multi-tiered inquiry under the abuse of discretion standard is fatally deficient). To the extent Hardin contends the district court did not reach its decision by an exercise of reason, neither the evidence nor the law support this assertion.

## IV.

## CONCLUSION

We hold that Hardin has failed to show the district court abused its discretion in awarding $1000 in reimbursement for public defender representation. As a result, the judgment of conviction for misdemeanor possession of a controlled substance is affirmed.

Chief Judge GRATTON and Judge BRAILSFORD, **CONCUR**.