**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47738**

| | | |
|---|---|---|
| In the Interest of: John Doe (2020-09), Juvenile Under Eighteen (18) Years of Age. | ) ) ) | |
| STATE OF IDAHO, | ) ) | **Filed: February 18, 2021** |
| Petitioner-Respondent, | ) ) | **Melanie Gagnepain, Clerk** |
| v. | ) ) | **THIS IS AN UNPUBLISHED** |
| JOHN DOE (2020-09), | ) ) ) | **OPINION AND SHALL NOT BE CITED AS AUTHORITY** |
| Juvenile-Appellant. | ) ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge. Hon. Timothy Van Valin, Magistrate.

District court's order, on intermediate appeal, affirming the magistrate court's order, <u>affirmed</u>.

Ann C. Taylor, Kootenai County Public Defender; Jay W. Logsdon, Deputy Public Defender, Coeur d'Alene, for appellant. Patricia Taylor, argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Mark Olson, argued.

---

HUSKEY, Chief Judge

John Doe appeals from the district court's order, on intermediate appeal, affirming the magistrate court's order finding Doe committed battery. Doe argues the district court erred in two respects; first, in finding the magistrate court did not err by failing to find that W.T. was a victim prior to permitting W.T. to remain in the courtroom during the adjudicatory hearing, and second, in finding sufficient evidence supported the magistrate court's determination that Doe committed battery. The other issues raised by Doe were not presented to or decided by the district court; consequently, they are unpreserved for appeal. For the preserved issues, the district court did not

1

err and, accordingly, we affirm the district court's decision, on intermediate appeal from the magistrate court.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

While working on a group assignment during a class at their middle school, Doe, W.T., and other students at their table began to play music loudly and act rambunctiously. After several warnings went unheeded, the substitute teacher, Melissa Cross, separated W.T. from the group and placed him at a different table. At the end of the class period, the students began gathering their belongings and W.T. went back to the table so he could also gather his belongings. When W.T. returned to the table with the other students, he lifted his shorts to show his underwear to the other students and Cross reprimanded him. W.T. continued to act out, tying his shirt in a way that revealed his chest and stomach. Doe reached over, pinched and twisted W.T.'s nipple, causing W.T. to scream and pull away. Cross sent both Doe and W.T. to the office, and Doe was subsequently taken into custody.

The State filed a juvenile petition, alleging misdemeanor battery, for Doe's conduct. The magistrate court held an adjudicatory hearing on the petition. Although the magistrate court initially asked W.T. to leave the courtroom prior to offering testimony, the State argued W.T. could remain in the courtroom pursuant to the Idaho Constitution because of his status as the crime victim. Doe's counsel made no objection to W.T. staying in the courtroom. The magistrate court did not explicitly rule on or address the issue further, and W.T. remained in the courtroom. After hearing testimony from Cross, W.T., and Doe, the magistrate court found that Doe committed the battery upon W.T. Doe appealed to the district court.

On intermediate appeal, Doe presented two issues[1]; first, the magistrate court erred by not finding W.T. was a victim before allowing W.T. to remain in the courtroom during the entire adjudicatory hearing; and second, the magistrate court erred by finding that Doe committed battery. The district court found the magistrate court did not have to make a formal finding that W.T. was a

---

[1] Doe listed a third issue in his issue statement on intermediate appeal: whether permitting W.T. to remain during the hearing prejudiced Doe's right to a fair hearing. At oral argument before the district court, Doe acknowledged that he had not argued this issue in his initial brief. As a result, the district court analyzed this claim not as an independent constitutional claim, but as part of Doe's claim that the magistrate court needed to find W.T. was a victim before W.T. could remain in the courtroom for the entire proceeding.

victim before allowing him to be present during the hearings in the case, including the adjudicatory hearing. The district court further found that to the extent Doe asserted an abuse of discretion by the magistrate court, Doe did so on the "very narrow grounds" that the failure of the court to make a formal finding that W.T. was a victim before allowing W.T. to remain in the courtroom was an abuse of discretion. Finally, the district court found substantial evidence supported the magistrate court's finding that Doe committed battery. Accordingly, the district court affirmed the magistrate court's order. Doe timely appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, we review the magistrate court record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

# III.

## ANALYSIS

On appeal to this Court, Doe raises six issues; one preservation issue and five allegations of errors by the district court in affirming the magistrate court. Specifically, Doe argues: (1) his issues regarding the exclusion of W.T. are properly preserved; and the district court erred because: (2) the magistrate court abused its discretion in permitting W.T. to remain in the courtroom during others' testimony; (3) the magistrate court needed to find that W.T. was a victim before permitting him to remain in the courtroom pursuant to relevant constitutional and statutory provisions; (4) allowing W.T. to remain in the courtroom prejudiced Doe's right to a fair hearing and his right to confront the witnesses against him; (5) permitting W.T. to remain in the courtroom constitutes fundamental error; and (6) substantial evidence did not exist to support the magistrate court's finding that Doe committed battery. Because Doe's first claim is a preservation issue, this Court will not address it independently, but rather as it relates to each of the relevant issues on appeal.

## A. Issues Two, Four, and Five Are Not Properly Before This Court for Review[2]

Doe makes several arguments to this Court that were not raised in the district court. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992).

### 1. Claim two is not properly before this Court because Doe did not raise a general claim that the magistrate court abused its discretion in allowing W.T. to remain in the courtroom during all hearings

Doe argues he may present allegations of error regarding W.T.'s presence in the courtroom because the district court considered and decided several of the arguments presented on appeal to this Court. We disagree. Where a party appeals the decision of an intermediate appellate court, the appellant may not raise issues that are different from those presented to the intermediate court. *State v. Sheahan*, 139 Idaho 267, 275, 77 P.3d 956, 964 (2003). An appellant's brief must articulate

---

[2] Doe filed supplemental authority, citing to Idaho Code § 20-528. Doe argues I.C. § 20-528 provides authority refuting the State's claim that he has not preserved a claim that the district court erred by permitting W.T. to remain in the courtroom during the proceedings. Idaho Code § 20-528 allows for the State to appeal a court's decision not to waive jurisdiction over the juvenile, confers jurisdiction to the district court upon the State's filing of the notice of appeal, and, if the juvenile is in detention, requires a hearing to be held about whether the juvenile shall remain in detention. A statute conferring jurisdiction and outlining a procedure for pursuing an appeal does not relate to issue preservation requirements or relieve Doe of properly preserving issues for appellate review. Therefore, Doe's supplemental authority is inapplicable to the analysis.

the appropriate standard of review because an appellant must address the matters this Court considers when evaluating a claim put forth by an appellant on appeal. *Cummings v. Stephens*, 160 Idaho 847, 853, 380 P.3d 168, 174 (2016). If an appellant fails to articulate or provide analysis relating to the relevant standard of review, the appellant's argument is conclusory which is fatally deficient to the party's case. *State v. Kralovec*, 161 Idaho 569, 575 n.2, 388 P.3d 583, 589 n.2 (2017) (appellant's failure to address abuse of discretion standard of review was conclusory and fatally deficient); *see Cummings*, 160 Idaho at 853, 380 P.3d at 174 (holding defendant's conclusory argument was fatally deficient because defendant did "not identify the applicable standard of review, much less attempt to apply it"); *but see State v. Jeske*, 164 Idaho 862, 870, 436 P.3d 683, 691 (2019) (holding that although Jeske did not recite proper standard of review, he sufficiently addressed standard of review in his analysis).

Additionally, Idaho Appellate Rule 35(a)(4) requires an appellant to raise issues in the initial appellate brief; generally issues raised for the first time in a reply brief are not considered. *State v. Raudebaugh*, 124 Idaho 758, 763, 864 P.2d 596, 601 (1993). Because appellate courts will not search the appellate record for error, where an appellant fails to assert his assignments of error with particularity and to support his position with sufficient authority, those assignments of error are too indefinite to be heard by the Court. *State v. McDay*, 164 Idaho 526, 528, 432 P.3d 643, 645 (2018). "Consequently, to the extent that an assignment of error is not argued and supported in compliance with the I.A.R., it is deemed to be waived." *Id.*

As a consequence of failing to adhere to these procedural rules, ultimately issues two, four, and five are unpreserved or waived. For example, for his second claim, Doe asserts the magistrate court abused its discretion by permitting W.T. to remain in the courtroom during the testimony of the State's other witnesses. However, Doe never argued to the district court that the magistrate court abused its discretion by allowing W.T. to remain in the courtroom. As noted above, the district court found that to the extent Doe made any arguments about abuse of discretion, those arguments related to the magistrate court's procedural failure to make a factual finding that W.T. was a victim prior to the adjudicatory hearing. The more general claim--that the magistrate court abused its discretion by allowing W.T. to remain in the courtroom--was explicitly rejected as a preserved claim on intermediate appeal by the district court.

In his initial brief to the district court, Doe argued that in order for the magistrate court to provide W.T. with the constitutional and statutory protections guaranteed to crime victims, the court

was required to find that W.T. was a victim prior to the adjudicatory hearing. Doe did not separately assert that the magistrate court erred in its implicit treatment of W.T. as a victim at the adjudicatory hearing or that Doe did not meet the Idaho Constitutional and statutory definitions of a crime victim. More specifically, Doe argued: "Victim rights do not apply prior to the adjudication of an alleged crime or some judicial finding of victim status." In support, Doe referenced the Idaho Constitution and the statutes and rules that define "victim" and set forth the rights a victim may have in relation to a criminal case, including Idaho Rule of Evidence 615. Following this recitation of authority, Doe argued that "Art. 1 § 22 and thus I.R.E. 615 do not apply in juvenile cases." He further argued that "Neither [Art. 1 § 22 nor I.C. § 19-5306] explains how courts are to determine whether someone is a victim prior to there having been an actual adjudication of whether an actual crime took place." Doe developed this argument by reasoning the State's designation of W.T. as a victim was without foundation and the magistrate court should have independently found that W.T. was a victim under the applicable statutes prior to allowing W.T. to remain in the courtroom.

Doe's initial appellate brief to the district court did not list as an issue that the magistrate court abused its discretion by treating W.T. as a victim, did not articulate or apply the applicable standard of review for an abuse of discretion analysis, and did not include relevant argument and authority for the claim. Doe did not raise this claim to the district court, and the district court explicitly found it was not being raised as an independent issue; consequently, the district court did not decide the issue. Accordingly, it is not properly before this Court and we decline to consider it.

2.      **Doe did not preserve claim five because the claim of fundamental error was not raised in his initial brief on intermediate appeal**

Alternatively, as his fifth claim, Doe argues that if the issue regarding W.T.'s presence in the courtroom was not preserved, the claim may nonetheless be considered by this Court as a claim of fundamental error. As noted above, issues not raised in or decided by the district court cannot be raised to this Court. Doe made no fundamental error arguments in his initial brief to the district court.[3] In no place in Doe's initial briefing to the district court did Doe list fundamental error as an

---

[3]     During oral argument to this Court, Doe's counsel suggested that an appellant may raise a claim of fundamental error at a subsequent stage of the appellate process, even if he did not raise the issue to the intermediate appellate court. "Pursuant to Idaho Appellate Rule 35(a)(4), an issue that neither party has raised or argued in their briefs will generally not be considered on appeal." *Griffith v. Clear Lakes Trout Co., Inc.*, 146 Idaho 613, 618, 200 P.3d 1162, 1167 (2009). This argument was neither raised in the briefing to this Court nor has Doe provided any argument or

6

issue, articulate or apply the applicable standard of review for a fundamental error claim, or include relevant argument and authority for the claim. Although in his reply brief to the district court, Doe attempted to argue the magistrate court's decision constituted fundamental error, the applicable rules require Doe to raise substantive issues in his initial brief. Because Doe did not raise this claim to the district court in his initial brief, the district court did not decide the issue.

Although the district court found that because the magistrate court did not err by allowing W.T. to remain in the courtroom, "there was no prejudice to [Doe] that manifests injustice or fundamental error such that he was denied a fair hearing," this sole reference to "fundamental error" does not preserve Doe's claim for appellate review. The district court made the reference in the context of an abuse of discretion analysis, and provided no other reference to or analysis of the fundamental error standard. Thus, the district court's passing reference to "fundamental error" did not constitute a ruling on a fundamental error claim. Accordingly, because the issue was not presented to or decided by the district court, it is not properly before this Court and we decline to consider it.

### 3. Doe did not preserve claim four; that W.T.'s presence in the courtroom constituted an independent constitutional violation

As with the above issues, Doe's fourth claim, that permitting W.T. to remain in the courtroom during the hearing prejudiced Doe's right to a fair hearing, including his right to confront witnesses, is not properly before this Court for review. Unlike the aforementioned issues, Doe complied with I.A.R. 35 by identifying this issue in his initial appellate brief to the district court. However, Doe provided no argument regarding any constitutional basis for relief on this claim. For example, although Doe's brief mentioned that W.T.'s presence allowed for "manipulated testimony," Doe provided no argument or authority to assert an independent constitutional claim. Moreover, at oral argument on intermediate appeal, the district court asked Doe if he had alleged a particular constitutional violation, and Doe's counsel acknowledged that he may have only raised the claim in the reply brief. When asked if that was sufficient to preserve an issue for appellate consideration, Doe's counsel acknowledged that it was not sufficient. Because Doe did not raise the issue in his initial brief and the district court did not independently address the claim, the issue was not raised on intermediate appeal and cannot now be raised in this Court.

---

authority to support the claim during oral argument. Accordingly, this Court will not address this claim.

7

Thus, in the end, although Doe raises five independent, substantive issues to this Court on appeal, issues two, four, and five are not properly before this Court. Accordingly, we will not address whether the magistrate court abused its discretion in permitting W.T. to remain in the courtroom during others' testimony; whether allowing W.T. to remain in the courtroom prejudiced Doe's right to a fair hearing and his right to confront the witnesses against him; or whether permitting W.T. to remain in the courtroom constitutes fundamental error. However, because claim three, whether the magistrate court erred in permitting W.T. to remain in the courtroom prior to a finding of victim status, and claim six, whether substantial evidence supported the magistrate court's finding that Doe committed battery, were presented to, argued, and decided by the district court on intermediate appeal, we will address these issues.

**B.     Crime Victim Rights Apply Prior to the Adjudication of the Crime and Do Not Require a Trial Court to Make Independent Findings of Victim Status for a Victim to be Present During Adjudicatory Proceedings**

Doe asserts the magistrate court was required to find that W.T. was a crime victim before allowing him to remain in the courtroom during Cross's testimony because, he argues, victim rights do not apply prior to the adjudication of an alleged crime or some judicial finding of victim status. These arguments fail.

We first address Doe's assertion that a victim is not entitled to attend an adjudicatory hearing or trial because such proceedings precede a finding of guilt. The Idaho Constitution provides that a crime victim, as defined by statute, has the right "[t]o be present at all criminal justice proceedings," and I.C. § 19-5306 codifies that right. IDAHO CONST. art. I, § 22; I.C. § 19-5306(1)(b). The Idaho Constitution does not place restrictions on what hearings a crime victim may attend, and the Legislature expressly made clear that victims have the right to be present at all criminal justice proceedings. I.C. § 19-5306(1)(b). Accordingly, appellate courts have recognized the broad reach of this right, holding the constitutional and statutory authorities implicitly recognize a "crime victim may want to be present at any proceeding that substantially impacts the case, the victim's relationship with the perpetrator, or any further risk to the victim." *State v. Houser*, 155 Idaho 521, 528, 314 P.3d 203, 210 (Ct. App. 2013). Thus, it follows that victims are permitted to be present at hearings held before the defendant is found guilty of the crime. *See State v. Gertsch*, 137 Idaho 387, 395, 49 P.3d 392, 400 (2002) (holding victims may be present at trials); *Houser*, 155 Idaho at 528, 314 P.3d at 210 (holding victims may be present at bond hearings). Doe's assertion to the contrary lacks merit.

8

We next address Doe's related assertion that a victim's ability to attend an adjudicatory hearing or trial is conditioned on a judicial finding that the individual identified as the victim is, in fact, the victim. None of the authority cited by Doe requires a trial court to make a finding that an individual is a crime victim prior to the individual availing himself of the constitutional and statutory protections afforded to crime victims. Moreover, Doe did not argue below or assert on appeal that the victim in this case was not the victim of the alleged offense. Nor has Doe articulated how such a finding should be made or why identification of the victim in the charging document would be insufficient for purposes of allowing that individual to exercise the statutory and constitutional rights afforded to victims in Idaho. In short, there is no reasoned basis for concluding that a trial court is required to hold a hearing or make a specific finding as to an individual's status as a victim, particularly where there is no challenge to that status in the trial court. As such, the magistrate court did not need to make an independent finding that W.T. was a victim before allowing him to remain in the courtroom for the adjudicative hearing.

## C. Sufficient Evidence Supports the Magistrate Court's Determination That Doe Committed Battery

Doe argues the district court erred in determining substantial evidence supported the magistrate court's finding that Doe committed a battery. Doe argues that while his behavior towards W.T. could have given rise to the civil tort of battery, the evidence does not support a finding of criminal battery as required by I.C. § 18-903(b) because there is no evidence that the contact was against W.T.'s will. In response, the State contends it presented sufficient evidence from which a rational factfinder could determine that Doe unlawfully touched W.T. against his will.

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67.

The State's petition alleged Doe came within the purview of the Juvenile Corrections Act by committing battery under I.C. § 18-903 by "actually, intentionally, and unlawfully touch[ing] or strik[ing] the person of [W.T.] against his will by grabbing and twisting his nipples." Although I.C.

9

§ 18-903 provides for three definitions for battery, the parties agree that the facts alleged by the petition are consistent with subsection (b), which defines battery as "[a]ctual, intentional and unlawful touching or striking of another person against the will of the other."

Neither party asserted that I.C. § 18-903(b) is ambiguous; thus, the plain language of the statute governs. Doe argues the portion of the statute that requires the touch be against the will of another requires the victim to be aware of the impending contact in order for his will to be overcome. To hold otherwise, Doe argues, means I.C. § 18-903(b) would demand affirmative consent for any touch, thereby criminalizing the "entire state."

In support, Doe relies on *State v. Elias*, 157 Idaho 511, 337 P.3d 670 (2014). In *Elias*, the Idaho Supreme Court addressed a challenge to a conviction under Idaho's forcible penetration statute, which required the penetration be accomplished "against the victim's will *by use of force*." *Id.* at 514, 337 P.3d at 673 (emphasis added). The Court held the statute required a greater use of force than that of the penetration itself. *Id.* at 516, 337 P.3d at 675. Otherwise, the "use of force" element "would become mere surplusage because the statutorily-required nexus between the victim's will and the use of force would be eliminated." *Id.* at 517, 337 P.3d at 676. In other words, if the act of penetration itself established force, the State would never have to prove "by use of force," rendering the element moot. *Id.* at 516, 337 P.3d at 675. Consequently, the Court held the plain text of this portion of the statute clearly requires that: (1) the victim is aware of the impending penetration; (2) the victim's will is that penetration should not occur; and (3) the victim's will is of no effect due to the defendant's use of force, violence, duress, or threats of immediate and great bodily harm, accompanied by apparent power of execution. *Id.* at 517, 337 P.3d at 676.

Unlike the forcible penetration statute, I.C. § 18-903(b) does not include language requiring "use of force" or that a victim perceive any impending contact. The plain language of I.C. § 18-903(b) requires only that the touch be against the victim's will. Accordingly, the State is not required to prove that an individual was aware of the impending touch to establish the element that the contact be against the victim's will.

The evidence of the contact presented during the adjudicatory hearing was consistent across all witnesses. Cross testified that she witnessed Doe reach over, pinch, and twist W.T.'s nipple, which caused W.T. to scream and pull away. Doe corroborated this version of events, testifying that after he pinched W.T., W.T. "bent over and grabbed his nipple and then he said, 'Ow.'" Doe testified that, although he did not intend to hurt W.T., Doe did not know if W.T. would find the

10

action funny. W.T. testified that Doe "pinched my nipple when I had my shirt like that, and, uh, after that I screamed and pulled away because it hurt."

Further, W.T. testified that he did not want Doe to pinch and twist his nipple:

State: Did you ask him to [pinch and twist your nipple]?
W.T.: No.
State: So you--it wasn't--you didn't want that to happen?
W.T.: No.

Finally, W.T. testified he did not perceive the touching to be the result of mutual joking, stating that Doe "thought it was all fun and games, but I didn't."

Given this testimony, there is substantial evidence from which the magistrate court could find that Doe actually, intentionally, and unlawfully touched W.T. against his will when Doe pinched and twisted W.T.'s nipple. At the conclusion of the presentation of evidence, the magistrate court found that portions of W.T.'s testimony were not credible, however the court acknowledged that these findings did not relate to the elements of battery and, therefore, were not of much consequence. All three witnesses, including Doe, testified that Doe pinched W.T.'s nipple and that W.T. let out an expression of pain after the contact. W.T. further testified that he did not want Doe to touch his nipple, and Doe himself testified that he did not know if W.T. would find the contact funny. Therefore, there is substantial evidence upon which the magistrate court could have found the State sustained its burden of proving the essential elements of battery beyond a reasonable doubt.

## IV.

## CONCLUSION

Doe did not raise three of his independent, substantive issues to the district court on intermediate appeal and, thus, cannot raise them on appeal to this Court. For the issues properly before this Court, the district court did not err in determining the magistrate court did not have to make a finding that W.T. was a victim before allowing him to remain in the courtroom for the pendency of the adjudicatory hearing. Additionally, sufficient evidence supported the magistrate court's finding that Doe committed battery. Accordingly, the district court's order, on intermediate appeal from the magistrate court, is affirmed.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.

11