ARGUMENT
1. Appellant cannot get employment in his educational field due to the fact he cannot pass a BCI/ FBI background check.
2. Appellant is continually today profiled based on inaccurate data on record and affects passage between US and Canadian borders as an example.
3. The basis of BCI's denial to update is "based on the record". Given that statement, there is no reason to deny revision in order to match the existing Idaho Repository.
Based on McDay's briefing, we will not reach the merits of his claims on appeal. While his ultimate goal is clear-he wants to have the two criminal cases expunged from his BCI record-McDay fails to present any cogent argument or authority to achieve such a remedy. This Court has established standards it will use when determining whether to consider the issues a litigant has raised on appeal:
We will not consider an issue not "supported by argument and authority in the opening brief." Jorgensen v. Coppedge , 145 Idaho 524, 528, 181 P.3d 450, 454 (2008) ; see also Idaho App. R. 35(a)(6) ("The argument shall contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to authorities, statutes and parts of the transcript and the record relied upon."). Regardless of whether an issue is explicitly set forth in the party's brief as one of the issues on appeal, if the issue is only mentioned in passing and not supported by any cogent argument or authority, it cannot be considered by this Court. Inama v. Boise County ex rel. Bd. of Comm'rs , 138 Idaho 324, 330, 63 P.3d 450, 456 (2003) (refusing to address a constitutional takings issue when the issue was not supported by legal authority and was only mentioned in passing).
Where an appellant fails to assert his assignments of error with particularity and to support his position with sufficient authority, those assignments of error are too indefinite to be heard by the Court. Randall v. Ganz , 96 Idaho 785, 788, 537 P.2d 65, 68 (1975). A general attack on the findings and conclusions of the district court, without specific reference to evidentiary or legal errors, is insufficient to preserve an issue. Michael v. Zehm , 74 Idaho 442, 445, 263 P.2d 990, 993 (1953). This Court will not search the record on appeal for error. Suits v. Idaho Bd. of Prof'l Discipline , 138 Idaho 397, 400, 64 P.3d 323, 326 (2003). Consequently, to the extent that an assignment of error is not argued and supported in compliance with the I.A.R., it is deemed to be waived. Suitts v. Nix , 141 Idaho 706, 708, 117 P.3d 120, 122 (2005).
Bettwieser v. New York Irrigation Dist ., 154 Idaho 317, 323, 297 P.3d 1134, 1140 (2013) (quoting Bach v. Bagley , 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010) ). McDay's briefing suffers from many of these defects.
Pro se litigants are not entitled to special consideration or leniency because they represent themselves. To the contrary, it is well-established that courts will apply the same standards and rules whether or not a party is represented by an attorney and that pro se litigants must follow the same rules, including the rules of procedure. Michalk v. Michalk , 148 Idaho 224, 229, 220 P.3d 580, 585 (2009) (citations and quotations omitted); Suitts v. Nix , 141 Idaho 706, 709, 117 P.3d 120, 123 (2005) ; Twin Falls Cnty. v. Coates , 139 Idaho 442, 445, 80 P.3d 1043, 1046 (2003).
Bettwieser , 154 Idaho at 322, 297 P.3d at 1139. Because McDay's arguments lack citations to the record, citations of applicable authority, and comprehensible argument, this Court will not consider them on appeal.
III. ATTORNEY FEES
McDay is not the prevailing party and not entitled to attorney fees on appeal. The State requests fees under *646 Idaho Code section 12-117, which allows a court to award attorney fees to the prevailing party "in any proceeding involving as adverse parties a state agency ... and a person ... if [the court] finds that the nonprevailing party acted without a reasonable basis in fact or law." I.C. § 12-117(1). We decline to award attorney fees under section 12-117 because McDay's efforts, although lacking the particularity and citations required for a cogent appeal here, were based on what is an obvious effort to obtain recourse that he may now be entitled to under recently amended Idaho statutes. As a result, McDay did not act without a reasonable basis in fact or law in seeking relief that he may yet be entitled to under Idaho law.
IV. CONCLUSION
The district court judgment is affirmed. Costs are awarded to the State as a matter of right. Despite this holding, we note that BCI originally denied McDay's request because his criminal cases were "dismissed" and Idaho Code section 67-3004(10) required that he be "acquitted." In July 2018, the Idaho Legislature amended section 67-3004(10) to also allow for criminal history record expungement for any person who has had charges "dismissed." Thus, McDay may now be eligible to have his record expunged should he file a new application with BCI. This opinion in no way forecloses his ability to file such an application or bring a civil action challenging the denial of any such application should he choose.
Chief Justice BURDICK, Justices HORTON, BRODY and STEGNER concur.