**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49924**

| | |
|---|---|
| STATE OF IDAHO,<br><br>       **Plaintiff-Respondent,**<br><br>v.<br><br>**EDWARD M. WILSON,**<br><br>       **Defendant-Appellant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

)  **Filed:  June 13, 2023**

)  **Melanie Gagnepain, Clerk**

)  **THIS IS AN UNPUBLISHED**
)  **OPINION AND SHALL NOT**
)  **BE CITED AS AUTHORITY**

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Camas County.  Hon. Ned C. Williamson, District Judge.  Hon. Daniel Dolan, Magistrate.

Order of the district court, on intermediate appeal from the magistrate court, dismissing appeal, affirmed.

Edward M. Wilson, Mountain Home, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Judge Pro Tem

Edward M. Wilson appeals from the district court's order, on intermediate appeal from the magistrate court, affirming the decision of the magistrate finding that he had committed a violation of I.C. § 49-654(2), an infraction.  We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

While on patrol, an officer visually estimated a vehicle to be traveling 80 mph on a highway with a posted speed limit of 65 mph.  The officer utilized radar to determine the vehicle's speed was 81 mph.  The officer initiated a traffic stop and identified Wilson as the driver.  When asked how fast he had been traveling, Wilson stated he had been traveling 75 mph.  Ultimately, the officer issued Wilson a citation for exceeding the speed limit in violation of I.C. § 49-654(2).

1

Following a trial at which the officer testified, the magistrate court found Wilson had violated I.C. § 49-654(2), an infraction. Wilson filed an appeal in district court. The district court entered an order governing Wilson's appeal. Among other things, the order required Wilson to file an appellant's brief within thirty-five days of settlement of the transcript or, if no transcript was to be furnished, within thirty-five days of the notice of appeal. The order also informed Wilson that failure to comply with the order may result in sanctions, including dismissal of the appeal. Wilson failed to file an appellant's brief. The State filed a respondent's brief, to which Wilson did not file a reply.

Notwithstanding Wilson's failure to file a brief, the district court heard oral argument on Wilson's appeal. The district court dismissed Wilson's appeal for failure to comply with the procedural order governing the appeal, noting the lack of a brief also led to a failure to identify issues or provide argument and authority. In the alternative, the district court addressed the issues in the State's brief and affirmed Wilson's judgment of conviction. Wilson appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, we review the magistrate court record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

## III.

## ANALYSIS

On appeal, Wilson challenges the district court's intermediate appellate order affirming the judgment entered against him for an infraction. In his initial brief, Wilson does not address the district court's dismissal of his intermediate appeal due to his failure to comply with the order

2

governing appeal and the related procedural rules. The State argues Wilson's appeal was properly dismissed.

In an appeal from the magistrate court to the district court, a party's failure to timely file a brief may be grounds for sanction, including dismissal of the appeal, as the district court deems appropriate. I.C.R. 54(m), (o); *see also* I.A.R. 34. Because Wilson did not file an initial appellate brief, the district court had discretionary authority to dismiss Wilson's appeal. I.C.R. 54(m), (o). When a court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

Wilson does not contend the district court abused its discretion in dismissing his appeal. In his reply brief, Wilson acknowledges he "misunderstood the rules," which resulted in his failure to file an appellant's brief with the district court. Nevertheless, Wilson contends his "mistake is not grounds for dismissal." Pro se litigants are not entitled to special consideration or leniency because they represent themselves. *State v. McDay*, 164 Idaho 526, 528, 432 P.3d 643, 645 (2018). Rather, pro se litigants must follow the same rules, including the rules of procedure, as litigants represented by counsel. *Id*.

Given Wilson's failure to file a brief, the district court was permitted to dismiss Wilson's appeal. *See* I.C.R. 54(m), (o). Wilson has failed to articulate the applicable standard of review or provide any cogent argument or authority to contend the district court abused its discretion in dismissing his appeal. This failure amounts to a waiver of the issue on appeal to this Court. *See* I.A.R. 35; *State v. Byrum*, 167 Idaho 735, 739-40, 476 P.3d 402, 406-07 (Ct. App. 2020). We need not address Wilson's remaining claims. We affirm the dismissal of Wilson's appeal.

## IV.

## CONCLUSION

Wilson failed to show the district court erred in dismissing his intermediate appeal. The district court's order on intermediate appeal from the magistrate court dismissing Wilson's appeal is affirmed.

Chief Judge LORELLO and Judge HUSKEY, **CONCUR**.

3