**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50606**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Filed:  July 30, 2024** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| WILLIAM LEROY FAULKNER, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County.  Hon. Rosemary Emory, District Judge.

Order revoking probation and executing previously suspended sentence, <u>affirmed</u>.

William Leroy Faulkner, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

TRIBE, Judge

William Leroy Faulkner pled guilty to felony driving under the influence (DUI), Idaho Code §§ 18-8004, -8005(9).  The district court imposed a unified sentence of ten years, with a minimum period of confinement of two years, and retained jurisdiction.  Following a period of retained jurisdiction, the district court suspended the sentence and placed Faulkner on probation for four years.  The State filed four reports of probation violations between 2018 and 2023.  Eventually, the district court revoked Faulkner's probation and ordered execution of his previously suspended sentence.  This appeal stems from the most recent order of the district court revoking probation.

Faulkner makes two arguments on appeal that arise from his original judgment of conviction.  First, he appears to argue that his judgment of conviction should have been a "Binding Contract" consisting of a unified sentence of four years, with a minimum period of confinement of two years, rather than his above-mentioned sentence.  Second, Faulkner argues that the State

1

presented fraudulent evidence by presenting the police report during trial, which contained the name of another person rather than his name as the subject of the stop, demonstrating that the arresting officer's affidavit was "fraudulent evidence." Faulkner's original judgment of conviction was entered in 2015 and he had forty-two days to appeal from that judgment of conviction. Pursuant to Idaho Appellate Rule 21, failure to file a notice of appeal with the clerk of the district court within the time limits prescribed by the appellate rules deprives the appellate courts of jurisdiction over the appeal. Idaho Appellate Rule 14 provides, in part:

> Any appeal . . . may be made only by physically filing a notice of appeal with the clerk of the district court within 42 days from the date evidenced by the filing stamp of the clerk of the court on any judgment or order of the district court appealable as a matter of right in any civil or criminal action.

As to the above claims, Faulkner's claims are untimely by several years and we are without jurisdiction to consider them.

Alternatively, as to the above claims, Faulkner fails to provide citation to the record to support his arguments, and we will not search the record to find the mention of the incorrect name. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Pro se litigants are not entitled to special consideration or leniency because they represent themselves. To the contrary, it is well-established that courts will apply the same standards and rules whether or not a party is represented by an attorney and that pro se litigants must follow the same rules, including the rules of procedure. *State v. McDay*, 164 Idaho 526, 528, 432 P.3d 643, 645 (2018); *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009).

The only issue that could be properly before this Court is Faulkner's appeal from the order revoking probation. In his current appeal, Faulkner makes no argument relating to the revocation of his probation. Faulkner's arguments relate only to his underlying conviction and the resulting sentence--issues that this Court has no jurisdictional authority to review. To the extent Faulkner is appealing from the order revoking probation, he has waived his appeal for failure to cite to the record or authority. Idaho Appellate Rule 35; *Zichko*, 129 Idaho at 263, 923 P.2d at 970. Therefore, the order revoking probation and directing execution of Faulkner's previously suspended sentence is affirmed.

Judge HUSKEY and Judge LORELLO, **CONCUR**.