**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50153**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: November 12, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| RICHARD E. ROGERS, JR., | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Shoshone County. Hon. Ronald J. Wilper, Senior District Judge.

Judgment of conviction, <u>affirmed</u>.

Richard E. Rogers, Jr., Boise, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

Richard E. Rogers, Jr. appeals pro se from the judgment of conviction entered upon the jury verdict finding him guilty of felony vehicular manslaughter and leaving the scene of an accident resulting in death. Rogers appears to assert nine claims of error warranting vacation of his judgment of conviction. Rogers also asserts that his sentences are excessive. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURAL HISTORY**

On August 26, 2021, Rogers was involved in an altercation with Jeffery Marr and Valorie Furrow at his home in Calder. At some point, Rogers got into his truck, accelerated forward, and hit Furrow. Furrow was caught under Rogers' truck and was dragged nearly 400 feet down the road before becoming dislodged. She died of her injuries at the scene. Rogers continued to drive away, eventually pulling over at a turn-out along the road. Officers detained Rogers and observed

1

that he was intoxicated. Pursuant to a search warrant, a blood draw revealed Rogers' blood alcohol content level at .246%.

The State charged Rogers with one count of felony vehicular manslaughter, Idaho Code § 18-4006(3)(b), and one count of leaving the scene of an accident resulting in death, I.C. § 18-8007. A jury found Rogers guilty on both counts. The district court imposed a sentence of fifteen years determinate for vehicular manslaughter and a concurrent, five-year determinate sentence for leaving the scene of an accident resulting in death. Rogers appeals.

## II.

## ANALYSIS

Although it is unclear from his brief, Rogers appears to raise nine issues relating to the judgment of conviction.[1] Rogers also contends that the district court erred in imposing an excessive sentence by failing to adequately consider the factors set forth in I.C. § 19-2521. As to the claims of error relating to Rogers' judgment of conviction, the State argues that Rogers has failed to support his claims with relevant argument and authority. Alternatively, the State argues that Rogers has failed to demonstrate reversible error. The State further argues that the district court did not abuse its discretion.

### A. Rogers' Claims Relating to the Judgment and Conviction

As to his substantive claims relating to the judgment and conviction, Rogers fails to assert any cogent arguments and fails to cite any authority for his claims. Pro se litigants are held to the same standard as any other attorney and must comply with the procedural rules and standards of appellate practice. *Van Hook v. State*, 170 Idaho 24, 28, 506 P.3d 887, 891 (2022). Pro se litigants

---

[1] The claims included: (1) jury exposed to demonstrators prior to start of trial; (2) audio and video evidence presented at trial is both inflammatory and unduly prejudicial; (3) defendant beaten upon arrest and then interrogated while sitting on ground and without benefit of having been read his right to remain silent. Recorded statement (video) played for jury at trial; (4) extremely inflammatory recordings published to jury immediately prior to deliberation; (5) jury retired to deliberate without lunch break thereby assuring a speedy, not deliberative, verdict; (6) deliberate perjury by two law enforcement officers intended to prejudice the jury against defendant; (7) no evidence presented that the defendant knew someone had been injured or killed; (8) both prosecutor and Idaho State Police Det. Tolleson did know, or should have known that there existed evidence of Furrow telegraph-use of weapon immediately prior to impact. Evidence that was exculpatory and/or mitigative in nature and that was withheld from defense; and (9) trial court erred in allowing unfairly prejudicial exhibits as defense had stipulated that death had occurred.

are not entitled to special consideration or leniency simply because they represent themselves. *State v. McDay*, 164 Idaho 526, 528, 432 P.3d 643, 645 (2018).

Idaho Appellate Rule 35 requires the inclusion of an argument section in the appellant's brief that must "contain the contentions of the appellant with respect to the issues presented on appeal, the reasons therefor, with citations to the authorities, statutes and parts of the transcript and record relied upon." I.A.R. 35(a)(6). "A party waives an issue cited on appeal if either authority or argument is lacking, not just if both are lacking." *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

Rogers' brief cites two rules of civil procedure: Idaho Rules of Civil Procedure 43 and 59(1)(e). Neither of these rules of civil procedure apply in criminal cases. Rogers has cited no rules, statutes, or court decisions that serve as a basis for vacating his conviction. As in *McDay*, Rogers' failure to provide cogent argument or relevant authority is fatal to his appeal, even though he is representing himself. *McDay*, 164 Idaho at 527-28, 432 P.3d at 644-45 (refusing to consider the merits of a pro se appellant's appeal where his opening brief lacked citations to the record, citations of applicable authority, and comprehensible argument). While Rogers' appellate brief cites the record, exhibits, and trial transcript, he provided no comprehensible argument in support of any of his first nine claims. Because Rogers does not assert cogent arguments and fails to cite to any authority, we need not address the merits of his claims.[2][3]

---

[2] We note Rogers' claim the evidence was insufficient to support his conviction. Rogers contends that there was no evidence showing he knew someone had been injured or killed. Idaho Code § 18-8007 provides that a driver who leaves the scene of an accident resulting in injury or death when said driver "knows *or has reason to know* that said accident has resulted in injury to or death of any person" is guilty of a felony. I.C. § 18-8007 (emphasis added). "Appellate review of the sufficiency of the evidence is limited in scope." *State v. Wilson*, 172 Idaho 495, 499-500, 534 P.3d 547, 551-52 (2023) (cleaned up). "On a complaint of insufficiency of evidence, the appropriate standard of review is whether there is substantial and competent evidence to support the jury's verdict." *State v. Bush*, 131 Idaho 22, 32-33, 951 P.2d 1249, 1259-60 (1997).

The State's evidence established that Rogers got into his truck after a confrontation with Furrow and others, started his engine and put it in gear, and then, looking at Furrow, he drove directly into her without attempting to swerve or avoid her dragging her body nearly 400 feet. One witness testified that it sounded like a watermelon hitting something when Furrow got hit and sucked under the truck. The State provided substantial and competent evidence which showed that Rogers *had reason to know* that someone had been injured or killed at the time.

[3] Rogers also appears to argue that the State withheld exculpatory evidence that Furrow exhibited the use of a firearm immediately before he struck her. In criminal proceedings, "[t]he

3

**B.    Rogers' Claim Relating to Sentencing**

Lastly, Rogers asserts that the district court did not adequately consider the factors set forth in I.C. § 19-2521 or take into account the totality of all relevant facts and circumstances during sentencing.  Our appellate standard of review and the factors to be considered when evaluating the reasonableness of a sentence are well established.  *State v. Burdett*, 134 Idaho 271, 1 P.3d 299 (Ct. App. 2000); *State v. Sanchez*, 115 Idaho 776, 769 P.2d 1148 (Ct. App. 1989); *State v. Reinke*, 103 Idaho 771, 653 P.2d 1183 (Ct. App. 1982); *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct. App. 1982).  Applying these standards, we cannot say that the district court abused its discretion by imposing excessive sentences.

### III.
### CONCLUSION

Rogers has failed to show reversible error as to the judgment and conviction and has failed to show an abuse of discretion relating to sentencing.  Therefore, Rogers' judgment of conviction and sentences are affirmed.

Judge HUSKEY and Judge TRIBE **CONCUR**.

---

prosecution has a duty to disclose evidence that is both favorable to the defense and material to either guilt or punishment."  *State v. Hall*, 163 Idaho 744, 830, 419 P.3d 1042, 1128 (2018).  "Proving a *Brady* violation requires a three-part showing: [1] The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; [2] that evidence must have been suppressed by the State, either willfully or inadvertently; and [3] prejudice must have ensued."  *Thumm v. State*, 165 Idaho 405, 422, 447 P.3d 853, 870 (2019) (quotations marks omitted).

Rogers refutes his own argument by citing to Exhibit 1--which was provided to the defense before trial and admitted by stipulation during trial--and arguing that it showed Furrow telegraphing the use of a weapon.  In other words, by Rogers' own admission, the State provided him evidence that Furrow was armed and had been touching the firearm before Rogers ran her over.  For these reasons, he has failed to demonstrate a *Brady* due process violation.

4