**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51801**

| | | |
|---|---|---|
| JUNUS ROCHETTE MCGRAW, The Living Person; Executive, | ) ) ) | Filed: October 10, 2025 |
| Plaintiff-Appellant, | ) ) | Melanie Gagnepain, Clerk |
| v. | ) ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT |
| SPOKANE TEACHERS CREDIT UNION, | ) ) ) | BE CITED AS AUTHORITY |
| Defendant-Respondent. | ) ) ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Barry McHugh, District Judge.

Judgment of dismissal, <u>affirmed</u>.

Junus Rochette McGraw, Coeur d'Alene, pro se appellant.

Hawley, Troxell, Ennis & Hawley, LLP; Marvin K. Smith, Idaho Falls; Litchfield Cavo, LLP; Kevin A. Ameriks, Chicago, Illinois, for respondent.

---

TRIBE, Judge

Junus Rochette McGraw appeals from the district court's judgment of dismissal. McGraw contends that the district court erred in dismissing his complaint pursuant to Idaho Rule of Civil Procedure 12(b)(6). We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

McGraw entered into a retail installment contract for the purchase of a vehicle from a dealership. The dealership assigned its rights under the contract to the Spokane Teachers Credit Union (Credit Union). McGraw, under the belief that the contract required the signature of the Credit Union and the disclosure of certain insurance deductible forms, notified the Credit Union that he would make no further payments on the vehicle until the "breach" was settled. The Credit

1

Union then caused the vehicle to be repossessed, which McGraw alleged was in violation of the arbitration clause in the contract.

McGraw filed suit seeking relief in the form of a declaratory judgment that the contract was invalid, restitution of the vehicle, and damages for lost income for each day the Credit Union retained the vehicle. The Credit Union filed a motion to dismiss the complaint pursuant to I.R.C.P. 12(b)(6). After a hearing, the district court granted the motion. McGraw filed a motion to reconsider, which the district court denied and thereafter entered a judgment of dismissal. McGraw timely appeals.[1]

## II.

## STANDARD OF REVIEW

As an appellate court, we will affirm a trial court's grant of a I.R.C.P. 12(b)(6) motion where the record demonstrates that there are no genuine issues of material fact and the case can be decided as a matter of law. *Coghlan v. Beta Theta Pi Fraternity*, 133 Idaho 388, 398, 987 P.2d 300, 310 (1999). When reviewing an order of the district court dismissing a case pursuant to Rule 12(b)(6), the nonmoving party is entitled to have all inferences from the record and pleadings viewed in its favor, and only then may the question be asked whether a claim for relief has been stated. *Coghlan*, 133 Idaho at 398, 987 P.2d at 310. The issue is not whether the plaintiff will ultimately prevail, but whether the party is entitled to offer evidence to support the claims. *Orthman v. Idaho Power Co.*, 126 Idaho 960, 962, 895 P.2d 561, 563 (1995).

## III.

## ANALYSIS

McGraw argues that the district court erred in dismissing his complaint under I.R.C.P. 12(b)(6). McGraw alleges: (1) the district court's denial of motions to compel discovery and address procedural violations deprived him of due process; (2) the district court improperly found the contract valid despite material defects; (3) he was unfairly barred from amending the complaint and seeking damages; and (4) the district court failed to address critical evidence of a broken chain of title. The Credit Union contends that this Court should refrain from considering

---

[1] After filing this appeal, McGraw filed a notice of removal to federal court, and this appeal was stayed pending the resolution. The stay was lifted after the federal court concluded that removal was not proper and remanded the case to state court.

McGraw's arguments on appeal as his opening (and only) brief does not adhere to the appellate rules. The Credit Union argues that, if McGraw's arguments are addressed, the district court properly dismissed his complaint and properly exercised its discretion in denying McGraw's motions. The Credit Union raises one new issue on appeal--whether it should be awarded attorney fees on appeal.

## A.    Waiver

We first address the alleged deficiencies in McGraw's briefing. The Credit Union argues that McGraw's brief fails to comply with the Idaho Appellate Rules and other standards of appellate practice. Specifically, that McGraw does not cite any applicable legal authority, nor does he apply any standard of review. In his brief, McGraw cites a standard of review for an I.R.C.P. 12(b)(6) motion. However, McGraw's brief addresses the standard of review in only a conclusory fashion. If an appellant fails to articulate or provide analysis relating to the relevant standard of review, the appellant's argument is conclusory, which is fatally deficient to the party's case. *See Primera Beef, LLC v. Ward*, 166 Idaho 180, 184, 457 P.3d 161, 165 (2020) (holding that, where an appellant fails to assert his assignments of error with particularity and to support his position with sufficient authority, those assignments of error are too indefinite to be heard and are deemed waived); *State v. Kralovec*, 161 Idaho 569, 575 n.2, 388 P.3d 583, 589 n.2 (2017) (holding that appellant's failure to address abuse of discretion standard of review was conclusory and fatally deficient). Because McGraw has failed to provide argument regarding how the standard of review applies in this case or how it requires reversal of the district court's decisions, McGraw's argument is conclusory and deficient.

The Credit Union also argues that McGraw does not support his arguments with citations to the record or legal authorities. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Because the Court "will not search the record on appeal for error," the appellant is required to support his argument with "citations to the authorities, statutes and parts of the transcript and record relied upon." *State v. Lankford*, 172 Idaho 548, 559, 535 P.3d 172, 183 (2023); *see* I.A.R. 35(a)(6)). Failure to supply the citations required by the rule will waive appellate consideration of the issue. *See State v. McDay*, 164 Idaho 526, 528, 432 P.3d 643, 645 (2018). Although McGraw makes assertions concerning what the district court purportedly failed to address, his brief does not

3

include any citations to the record or the transcript. McGraw cites no meaningful legal authority and cites no portions of the record. In the table of authorities, McGraw lists six cases but does not explain or summarize them nor does he discuss in the argument section how they apply to this case. The cited code and constitutional provisions in the table of contents are also not explained or discussed in the argument section. McGraw's failure to provide a cogent argument or relevant authority is fatal to his appeal even though he is representing himself. *See id.* (refusing to consider the merits of a pro se appellant's appeal where his opening brief lacked citations to the record, citations of applicable authority, and comprehensible argument). Based on the deficiencies under the appellate rules, the district court's judgment of dismissal is affirmed, and this Court will not consider the merits.[2]

## B. Attorney Fees and Costs

The Credit Union seeks attorney fees on appeal. An award of attorney fees may be granted under Idaho Code § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation. McGraw's opening appellate brief does not comply with the Idaho Appellate Rules. McGraw's appellate arguments are not supported by citations to the record; the argument section of his brief does not cite any caselaw; and the caselaw, code sections, and constitutional provisions cited in his table of authorities are not summarized nor are they shown how they apply to this case. Finally, McGraw attempts to raise issues for the first time on appeal, which is prohibited. Accordingly, McGraw's appeal was brought frivolously, unreasonably, and without foundation. Consequently, the Credit Union is entitled to its attorney fees and costs on appeal.

## IV.
## CONCLUSION

For the reasons set forth above, the district court's judgment dismissing McGraw's complaint pursuant to I.R.C.P. 12(b)(6) is affirmed. Attorney fees and costs on appeal are awarded to the Credit Union.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.

---

[2] Although this Court need not consider the merits of McGraw's appeal, we note that he has shown no error in the district court's dismissal of his complaint.