**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52469**

| | |
|---|---|
| ISRAEL SHIRK, | ) |
| | ) **Filed: October 23, 2025** |
| Plaintiff-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ERIKA SHIRK, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Joseph W. Borton, District Judge.

Judgment dismissing case with prejudice and awarding attorney fees and costs, affirmed.

Israel Shirk, Boise, pro se appellant.

Trout Law, PLLC; Alyssa Jones, Boise, for respondent.

---

GRATTON, Chief Judge

Israel Shirk appeals from the judgment of the district court dismissing case with prejudice and awarding attorney fees and costs. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Israel Shirk (Israel)[1] brought this action against Erika Shirk (Erika) alleging negligent and intentional battery and as a civil action pursuant to Idaho Code § 56-705 for conduct violative of I.C. § 18-5811 involving conduct against disabled persons. Ultimately, the district court dismissed this case with prejudice for Israel's failure to comply with discovery orders. The district court also awarded attorney fees and costs to Erika. Judgment was entered on September 6, 2024. Israel filed a motion to reconsider on September 14, 2024. Erika filed a request for attorney fees and

---

[1] Because the parties have the same last name, the Court will refer to the parties by their first names. No disrespect is intended.

1

costs on September 20, 2024. The district court entered an amended order of dismissal on October 4, 2024. Israel did not object to Erika's request for attorney fees. The district court entered an amended judgment including an award of attorney fees and costs to Erika on October 25, 2024.

Israel filed his notice of appeal on November 25, 2024. Erika filed a motion in the Supreme Court to dismiss this appeal as untimely. The Supreme Court entered an order granting, in part, the motion to dismiss. The Court ordered that "The appeal will proceed only on issues related to the attorney fees and costs awarded in the Amended Judgment filed in the District Court on October 25, 2024." Israel filed a motion to reconsider which the Supreme Court denied.

## II.

## STANDARD OF REVIEW

Awarding attorney fees and costs is within the discretion of the trial court and subject to review for an abuse of discretion. *Day v. Idaho Transportation Dep't*, 172 Idaho 431, 449, 533 P.3d 1227, 1245 (2023). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III.

## ANALYSIS

Despite the order of the Supreme Court limiting the issue on appeal to the award of attorney fees and costs, Israel sets forth a host of claimed errors in the trial court and generally, as to various litigation between the parties including harassment, wiretapping, abuse of the litigation process, improper use of evidence, attorney-client privilege, punitive damages, and attorney misconduct, among others. Only two sentences in Israel's appellant's brief relate to attorney fees and costs awarded in the amended judgment: (1) "Did the court properly perceive attorney's fees as a matter of discretion, when the legislature unambiguously described them as a matter of law?"; and (2) "This party has further put forth that the issue of fees is not an issue of discretion; instead, it is statutorily dictated." Neither of these statements cite to the appellate record or transcript, nor are they supported by statute or case law. Because the appellate court will not search the record on

2

appeal for error, the appellant is required to support his argument with "citations to the authorities, statutes and parts of the transcript and record relied upon." *State v. Lankford*, 172 Idaho 548, 559, 535 P.3d 172, 183 (2023); *see* Idaho Appellate Rule 35(a)(6)). Failure to supply the citations required by the rule will waive appellate consideration of the issue. *See State v. McDay*, 164 Idaho 526, 528, 432 P.3d 643, 645 (2018). Israel fails to cite to the record or transcript for any argument set forth in the argument section of his brief. No argument or citation of authorities is cited in regard to the attorney fees awarded to Erika, the only issue properly before this Court. Therefore, Israel has waived his claims on appeal.

Erika seeks attorney fees on appeal. An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party and such an award is appropriate when the court finds that the appeal has been brought or defended frivolously, unreasonably, or without foundation. Israel's appellant's brief does not comply with the Idaho Appellate Rules. Israel's appellate arguments are not supported by citations to the record; the argument section of his brief does not cite any case law; and the case law, code sections, and constitutional provisions cited in his table of authorities are not summarized nor are they shown how they apply to this case. Finally, Israel attempts to raise issues on appeal which the Supreme Court has dismissed. Accordingly, Israel's appeal was brought and pursued frivolously, unreasonably, and without foundation. Consequently, Erika is entitled to attorney fees and costs on appeal.

## IV.

## CONCLUSION

Israel has waived his claims on appeal. Therefore, the judgment dismissing the case with prejudice and awarding attorney fees is affirmed. Erika is awarded costs and attorney fees on appeal.

Judge HUSKEY and Judge TRIBE **CONCUR**.

3